## LIMPIA ROYALTIES et al. v. COWDEN.

### No. 3363.

Court of Civil Appeals of Texas. El Paso.
April 30, 1936.

Rehearing Denied May 14, 1936.

W. C. Franklin, of Tulsa, Okl., Frank Stubbeman, of Midland, and Saner, Saner & Jack, of Dallas, for appellants.

Whitaker & Perkins, of Midland, and Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

PELPHREY, Chief Justice.

This suit was filed by appellee, as plaintiff, in the district court of Midland county, Tex., against Limpia Royalties, a trust estate, W. E. Templeman, N. E. Templeman, and Sam F. Means, individually and as trustees. He sought to have a mineral deed executed by him on May 27, 1930, to Limpia Royalties, a trust estate, conveying an undivided one-sixteenth interest in and to the oil, gas, and minerals under approximately 1,935 acres of land located in Andrews and Ector counties and 4526½ acres located in Ector county, Tex., canceled, annulled, and held for naught, and to have all right, title, and interest owned, claimed, held, or possessed by appellants in and to the lands divested out of them and vested in him.

Appellants filed pleas of privilege asking that the suit be transferred first to Andrews county and in the alternative to Ector county. A controverting affidavit was filed by appellee in which he prayed that, in the event the cause was removed from Midland county, it be transferred to Ector county.

The plea of privilege was by the court sustained and the venue changed to Ector county. This appeal followed.

### Opinion.

■ Appellants do not complain of the trial court's action in sustaining their plea of privilege, but contend that the case should, under such plea, have been transferred to Andrews county, and that the trial court was in error in permitting the appellee to elect the transferee county.

A great number of authorities have been cited for the purpose of convincing us that appellee had no right of election, but there has been none cited which hold that it is error for a trial court to fail to transfer a cause to the county selected by the defendant.

The statute provides that, if a plea of privilege is sustained, the court shall transfer the cause to the court having jurisdiction of the parties and the cause. That is clearly what happened in this instance, and the fact that the trial court may have erroneously based his action upon a belief that the plaintiff had the right to elect

would make his action none the less proper.

A decision of the question of election under circumstances such as these is unnecessary, and upon it we express no opinion.

If the trial court's action is correct, the fact that it may have been founded upon an incorrect theory will not justify a reversal at our hands.

The order of the court being in conformity with the statute, we cannot say that error was committed. Appellee's cross-assignment and proposition in which he contends that the suit is one merely to cancel the deed for fraudulent representations is likewise without merit, and will be overruled.

The judgment is affirmed.